IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMUEL NOAH KEONI LEVITZ, *et al.*,<br><br>        Defendants. | Case No. 25-cv-00090-DKW-KJM<br><br>**ORDER (1) GRANTING MOTION TO REMAND; (2) REMANDING ACTION TO STATE CIRCUIT COURT; (3) DENYING AS MOOT MOTIONS TO COMPEL AND FOR SUMMARY JUDGMENT; (4) DIRECTING SUPPLEMENTAL BRIEFING ON FEES AND COSTS; AND (5) SETTING BRIEFING ON MOTION TO DECLARE VEXATIOUS LITIGANT**[1] |

In a less-than-inspiring example of Groundhog Day, Samuel Noah Keoni Levitz returns to this Court again attempting to both remove a State foreclosure action brought in 2014 by PNC Bank, National Association (PNC) and pursue claims against PNC through what he describes as a Complaint.[2] Not very long ago, Levitz attempted to do the exact same thing in a different case before this Court. In that case, the Court remanded the foreclosure action because Levitz's removal in 20*24* was untimely—by about a decade—and the same could not be cured or ignored by Levitz asserting purported claims or discovering alleged "new

---

[1] Pursuant to Local Rule 7.1(c), the Court elects to decide these matters without a hearing.
[2] While Levitz's self-described Complaint may have named himself as the "Plaintiff" and various individuals and entities, including PNC, as "Defendants", Dkt. No. 1 at 1, because this is a *removal* action, Levitz has it backwards. Instead, the plaintiff in the removed action is PNC and one of the defendants is Levitz, notwithstanding the latter's relabeling attempt.

evidence" in a self-described Complaint ("Prior Remand Order"). *See* Case No. 24-cv-00468-DKW *PNC Bank, Nat'l Ass'n v. Levitz et al.*, Dkt. No. 19.

Unsurprisingly, the *advance* of time, *i.e.*, initiating removal in 20*25*, and relying upon another self-described Complaint full of new or recycled claims and evidence, does not change the result. *See* 28 U.S.C. § 1446(b)(1) (providing that a defendant, like Levitz, generally has *30 days* from receipt of the initial pleading to file a notice of removal); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (explaining that neither a defendant's counterclaim nor answer can serve as the basis for federal question jurisdiction); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985) (stating that a case arises under federal law "only if the federal question appears on the face of the plaintiff's well-pleaded complaint[]" and "removability cannot be created by defendant pleading a counter-claim presenting a federal question[.]") (brackets and quotation omitted).

Accordingly, because Levitz's removal of the State foreclosure action is clearly deficient, PNC's motion to remand, Dkt. No. 18, is GRANTED. Because this case will be remanded, Levitz's motions (1) to compel compliance with a subpoena, Dkt. No. 27, and (2) for summary judgment, Dkt. No. 28, are both DENIED AS MOOT.

In the motion to remand, PNC also moves for attorney's fees and costs. Pursuant to 28 U.S.C. Section 1447(c), an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The U.S. Supreme Court has explained that fees and costs should be awarded, pursuant to Section 1447(c), "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, for the reasons set forth above, and, particularly, the fact that Levitz is more than fully aware, in light of the Prior Remand Order, of the deficiencies with his unprincipled attempt to interfere with the State foreclosure process by way of untimely removal notices and self-described Complaints, there was clearly no objectively reasonable basis for seeking removal. As a result, PNC is entitled to an award of attorney's fees and/or costs related to the removal of this case, just as it was in Case No. 24-cv-00468.

For the Court to properly assess the extent to which PNC's request for fees and costs is "just" under Section 1447(c), PNC is directed to file, **on or before June 24, 2025**, support for its request. Specifically, PNC shall file a supplemental brief containing the information required by Local Rule 54.2(f). Levitz shall file a response to PNC's supplemental brief, responding only to any time entry, hourly

3

rate, and/or expense item to which Levitz objects, **on or before July 8, 2025**. No reply brief will be permitted. In addition, the parties shall <u>not</u> be required to confer, prepare a "joint statement" or otherwise comply with Local Rule 54.2's fees provisions, other than as directed herein.[3]

Finally, on June 9, 2025, PNC moved for Levitz to be declared a vexatious litigant. Dkt. No. 30. The Court sets briefing on the same as follows: Levitz shall file a response **on or before June 24, 2025**; PNC shall file an optional reply **on or before July 8, 2025**. No further briefing shall be permitted.

## **CONCLUSION**

For the reasons set forth herein, the motion to remand, Dkt. No. 18, is GRANTED. This case is once again REMANDED to the First Circuit Court for the State of Hawai'i, pursuant to 28 U.S.C. Section 1447(c), and the Clerk of this Court is instructed to mail a certified copy of this Order to the clerk of the First Circuit Court.

Levitz's motions to compel compliance with a subpoena, Dkt. No. 27, and for summary judgment, Dkt. No. 28, are DENIED AS MOOT.

---

[3] As a result, PNC need not "attach the joint statement" to its supplemental brief, as Local Rule 54.2(f) would otherwise require. Further, PNC should assume that all of its costs and expenses related to removal are "disputed" for purposes of Local Rule 54.2(f).

This Court shall retain jurisdiction over this case solely to further address (1) PNC's request for attorney's fees and costs, and (2) PNC's motion to declare Levitz a vexatious litigant.  *See Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) (holding that, after remand, a district court retains jurisdiction to hear "collateral issues", including a motion for attorney's fees and costs and imposition of sanctions) (quotation omitted).

IT IS SO ORDERED.

Dated: June 10, 2025 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge