IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>SAMUEL NOAH KEONI LEVITZ, *et al.*,<br><br>　　　　　Defendants. | Case No. 25-cv-00090-DKW-KJM<br><br>**ORDER DENYING (1) REQUEST FOR ATTORNEY'S FEES AND COSTS; AND (2) MOTION TO DECLARE LEVITZ A VEXATIOUS LITIGANT**[1] |

　　　　On June 10, 2025, the Court remanded this action to State court, but retained jurisdiction to decide two ancillary matters: (1) the extent of attorney's fees and costs to which Plaintiff PNC Bank, National Association (PNC) was entitled under 28 U.S.C. Section 1447(c); and (2) PNC's motion to declare Defendant Samuel Levitz (Levitz) a vexatious litigant.  Dkt. No. 31.  In doing so, the Court gave PNC until June 24, 2025 to file supplemental material in support of its fees request. The Court also gave Levitz until June 24, 2025 to respond to the vexatious-litigant motion, and PNC until July 8, 2025 to file an optional reply.

　　　　More than a week after the last of those deadlines, the Court has received just one filing.  Specifically, Levitz's response to the vexatious-litigant motion.

---

[1]Pursuant to Local Rule 7.1(c), the Court elects to decide these matters without a hearing.

Dkt. No. 34. In other words, for whatever reason, PNC has chosen not to file any material in support of its request for attorney's fees and/or costs. As explained in the June 10, 2025 Order, though, without any material indicating, among other things, the hours billed, costs incurred, or even the amount(s) sought, the Court is in no position to assess whether PNC's request is "just" under Section 1447(c). Therefore, on that basis, the Court DENIES any request for attorney's fees or costs in this case under Section 1447(c).

Regarding the vexatious-litigant motion, Dkt. No. 30, PNC asserts that this Court may declare a litigant vexatious, potentially resulting in filing restrictions on said litigant, when he "continually abuses" the court system by filing "frivolous lawsuits" and/or "re-litigating" already-decided claims. *Id*. at 2. Along those lines, PNC points to at least three actions filed in this Court by Levitz, two actions filed in U.S. Bankruptcy Court by Levitz, and a State court action Levitz litigated—all allegedly involving the same or related subject matter. Levitz opposes the motion, contending that his constitutional rights should not be chilled, and his conduct has not been frivolous nor harassing. Dkt. No. 34. PNC did not reply.

Upon review of the briefing on the motion, the Court does not find that Levitz's conduct has crossed the line, warranting restrictions on filings he may

2

make in the future. That being said, as explained in this proceeding and in Levitz's previous attempt to remove the State action, those efforts were not objectively reasonable. Dkt. No. 31 at 3; Case No. 24-cv-00468-DKW *PNC Bank, Nat'l Ass'n v. Levitz et al.*, Dkt. No. 19. "Bad faith", in fact, is what comes to mind. Put simply, the path upon which Levitz has recently trodden is one leading, perhaps soon, to a level of frivolity that may require restrictions on his filings, at least as any may pertain to the foreclosure of the property in Haleʻiwa, Hawaiʻi. **Levitz should, therefore, consider this Order a warning: a pre-filing review order and/or other appropriate sanctions may be forthcoming should baseless litigation positions continue to be advanced.** The motion, Dkt. No. 30, is DENIED WITHOUT PREJUDICE to renewal in any future proceeding where appropriate.

The Clerk is instructed to CLOSE this case for all purposes.

IT IS SO ORDERED.

Dated: July 18, 2025 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge